Date signed December 15, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

IN RE:                                             :
                                                   :
VICTORIA J. PULSIRISAROTH          :          Case No. 05-25266PM
                                                   :                   Chapter 7
             Debtor                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

Before the court is an unusual motion, that is, the Motion of the Debtor, Victoria J. Pulsirisaroth, seeking leave of court to dismiss this case voluntarily because of the existence of many substantial misstatements and other inaccuracies appearing in her Schedules and Statement of Financial Affairs.  The Debtor states in her Motion that, through an utter failure of communication between her lawyer and herself, her Statement of Financial Affairs and her Schedules were replete with serious misstatements.  She readily admitted these misstatements of fact in the course of the meeting of creditors held pursuant to § 341 of the Bankruptcy Code.

Because of these misstatements, the office of the United States Trustee filed a motion to extend time to file a motion to dismiss for substantial abuse pursuant to § 707(b) of the Bankruptcy Code and scheduled a motion for examination of the Debtor pursuant to Bankruptcy Rule 2004 .  Dyck-O'Neal, Inc., the holder of a deficiency judgment in the sum of $17,041.91 entered January 10, 2000, opposed the motion to dismiss.  The opposition points out numerous misstatements and describes several unsavory financial transactions conducted by the Debtor.  If these transactions are avoided, then the objecting creditor would be paid in whole or in part.

However, in the circumstances presented here, the court notes that neither the Chapter 7 Trustee nor the office of the United States Trustee opposes this action.  If Debtor's motion to

dismiss is granted, this leaves Dyck-O'Neal, Inc., precisely as it was to the filing of the bankruptcy case, and, in addition, it is armed with all of the information obtained at the meeting of creditors.  Considering all of the relevant factors, the court will grant the Debtor's motion to dismiss.  However, the court will condition the dismissal with a bar to refiling under any chapter of the Bankruptcy Code for a period of one year in order to avoid even the possibility of any further abuse of the bankruptcy process.  An appropriate order will be entered.

cc:
Victoria J. Pulsirisaroth, 3930 Ballet Way, Burtonsville, MD 20866
James S. Williford, Jr., 255 North Washington Street, Suite 505, Rockville, MD 20850
Richard E. Solomon, Esq., 600 Baltimore Avenue, Suite 208, Towson, MD 21204
Merrill Cohen, Trustee, 7910 Woodmont Avenue, Suite 760, Bethesda, MD 20814
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**